IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORGE DESIGN GROUP, LLC, and<br>KIRBY ERDELY,<br><br>      Plaintiffs,<br><br>v.<br><br>SYARME, CAMPMAX, FREELAND OUTDOOR, GOUMAIZILIAO, GRASSLAND-ALL, MAMAY SUMARNA, MEANING XUANSHENG, NVHUNG36, IAM_1786, SKYCORPWORLD, AIMFIREE STORE, ALEXNLD, ANONTEE, BANGGOOD, BBFAT, BERROUS, BRYCES-SHOP, CAPIONS, COOHOME, DANCEMAGIC.SHOP, INSCRIPTIONLIFE, IZYNDEAL, LILYMI, LOCASDEALS, MERCADOMAGICO, MOTIONCOMM, MYRAGRAP, NAKATHALIE, ORANGE DANCER, PROTELIKES, QUANDARN, REACHSSGF, SHOPBESTYO, SHOWCASESF, TODDEALS, TSMALLS, URBAN & HAWK, WATERBESTS, and<br>WEREBEAR,<br><br>      Defendants. | Civil Action No. 2:20-cv-1384<br><br>**FILED UNDER SEAL** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

  Gorge Design Group, LLC ("Gorge Design"), a Washington corporation, and Kirby Edely ("Erdely"), an individual (collectively, Gorge Design and Erdely are hereinafter referred to as "Plaintiffs"), hereby sue Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in the Caption and which are set forth in **Schedule "A"** hereto (collectively "Defendants"). Defendants have offered for sale, sold, and distributed knock-off and infringing versions of Plaintiffs' Ultimate Ground Anchor ground anchor product which

closely mimic the appearance of Plaintiffs' genuine product within this district and throughout the United States by operating e-commerce stores established at least via amazon.com, ebay.com, aliexpress.com, and, shopify.com ("Third Party Service Providers"), Internet marketplace using their respective Store Names, Domain Names, and Seller Names set forth on **Schedule "A"** hereto (collectively, the "Seller IDs")("Infringing Product(s)). As set forth below, Defendants are promoting, selling, offering for sale and distributing their Infringing Products, thus (i) unfairly competing by using Plaintiffs' photographs, videos, artwork, creative text and product instructions while marketing their knock-off products in a willful attempt to pass off their knock-off products as genuine versions of Plaintiffs' Products; and/or (ii) infringing at least one of the claims of Plaintiffs' registered U.S. Patent. In support of their claims, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. In 2005, David J. Brown, invented the Orange Screw ground anchor (the "Ultimate Ground Anchor") and Kirby Erdely, David J. Brown's son-in-law, is the owner of the patent related thereto; Gorge Design Group, LLC and Kirby Erdely are the owners of all the intellectual property related thereto. They are a family-owned business and the named Plaintiffs in this lawsuit.

2. Erdely developed his father-in law's invention and brought it to market, and now, with Gorge Design, sell the unique and revolutionary product under the common law trademark Ultimate Ground Anchor ("Plaintiffs' Mark") that is the most effective ground anchor ever made ("Plaintiffs' Product"). The Plaintiffs' Product is made of 100% recycled materials and manufactured in the U.S.A. The Plaintiffs' Product will secure pets; anchor RV awnings; hold

tarps over boats, ATVs and firewood; as well as ensure tents and sunshades stay put. Plaintiffs identified the need for this product and created the market for this product.

3. By August of 2015, a crowdfunding campaign was launched on kickstarter.com. In less than one month, the campaign was fully funded and at the end of the campaign, it was 214% funded from 641 backers in nearly 20 countries. The current version of Plaintiffs' Product is sold through the orangescrew.com website, and the amazon.com and eBay Internet marketplaces by Gorge Design Group, LLC d/b/a Orange Screw; and various retail stores across the United States.

4. Defendants' sale, distribution, and advertising of the Infringing Product are highly likely to cause consumers to believe that Defendants are offering genuine versions of Plaintiffs' Products when in fact they are not. To illustrate, below are several examples which vividly show that the Infringing Product itself and the manner in which it is marketed is designed to confuse and mislead consumers into believing that they are purchasing Plaintiffs' Product or that the Infringing Product is otherwise approved by or sourced from Plaintiffs:

| Plaintiff's Product | Defendant Grassland All Listing |
|---|---|
|  | |

| Plaintiff's Product | Defendant Iam_1786 Listing |
|---|---|
|  |  |
| Plaintiff's Product | Defendant goumaiZILIAO Listing |
|  |  |

5. Defendants' actions have resulted in actual confusion in the marketplace between Defendants' Infringing Product and the genuine version of Plaintiffs' Products. Numerous purchasers of Defendants' Infringing Product have contacted Plaintiffs to complain about the performance of the Infringing Product believing same to be a genuine product. Examples of such complaints include "Thought I was ordering from you and I have been orange screwed." Such complaints and negative comments are likely not just made directly to Plaintiffs, but are also posted by buyers of the Infringing Products on various websites and social media sites for all the world to see.

6. Defendants' Infringing Products are substantially inferior to the genuine product.  As poorly designed and manufactured products, Defendants' Infringing Products create serious risk of harm to animals that may break or pull out the inferior ground stake and run away from their intended safe ground. Likewise, the inferior products may fail allowing expensive items such as canoes, kayaks, and the like to escape safe mooring and be damaged or lost. Finally, the failure of the inferior ground stake may result in tents or tarps coming undone thus exposing users or items to sun or inclement weather, and the damage caused by such.  The Infringing Products threaten to destroy the reputation of high quality that Plaintiffs' Products have earned.

7. Plaintiffs are the owners of various published photographs, videos, artwork, creative text and product instructions appearing on kickstarter.com and orangescrew.com. (Plaintiffs' Works), which are shown in Complaint **Exhibit 1 and 2**. Additionally, Plaintiffs have taken numerous steps to protect Plaintiffs' Product.  For instance, Plaintiff Kirby Erdely is the owner of U.S. Patent No. 7309198 for "Re-useable threaded tie downs" ("Plaintiffs' Patent") (describing Plaintiffs' Product and its use). A copy of the assignment record and the issued patent is attached as Complaint **Exhibit 3**.

8. On information and belief, Defendants' sale of Infringing Products gives rise to a plausible expectation that discovery will reveal that Defendants' actions all arise from the same transaction, occurrence, or series of transactions.  Specifically, on information and belief, Defendants are actively participating in a conspiracy to distribute and sell Infringing Products. For example, Defendants, on information and belief, are working together to manufacture, arrange the manufacture of and/or sell and otherwise distribute the Infringing Products. Moreover, the Infringing Products share similar characteristics including, for example, colors, shapes, and sizes.

9. Plaintiffs therefore bring this action for federal unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended; patent infringement; common law unfair competition; common law trademark infringement, pursuant to 15 U.S.C. § 1125(a), 35 U.S.C. § 271 and The All Writs Act, 28 U.S.C. § 1651(a).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

11. This Court may exercise personal jurisdiction over a non-resident of the State in which the Court sits to the extent authorized by the state's laws. Fed. R. Civ. P. 4(e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to 42 Pa. Cons. Stat. § 5322 (a) which provides in pertinent part: "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit." In the alternative, Federal Rule of Civil Procedure 4(k) confers personal jurisdiction over the Defendants because, upon information and

belief, Defendants regularly conduct, transact and/or solicit business in Pennsylvania and in this judicial district, and/or derive substantial revenue from their business transactions in Pennsylvania and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the Commonwealth of Pennsylvania such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiffs in Pennsylvania and in this judicial district such that Defendants should reasonably expect such actions to have consequences in Pennsylvania and in this judicial district, for example:

   a. Upon information and belief, at all times relevant hereto, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including Pennsylvania, through on-line platforms with Merchant Storefronts (as defined *infra*), via on-line marketplace websites, under the Seller IDs, as well as any and all as yet undiscovered accounts with Merchant Storefronts held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts"), through which consumers in the United States, including Pennsylvania, can view the one or more of Defendants' Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Infringing Products and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including Pennsylvania, as a means for establishing regular business with the U.S., including Pennsylvania.

   b. Upon information and belief, certain Defendants are sophisticated sellers, each operating one or more commercial businesses using their respective User Accounts

through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically Pennsylvania.

c. Upon information and belief, Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S. and into this judicial district.

d. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to Pennsylvania.

e. Upon information and belief, at all times relevant, Defendants have transacted business with consumers located in the U.S., including Pennsylvania, for the sale and shipment Infringing Products.

f. Upon information and belief, Defendants are employing and benefiting from substantially similar, paid advertising and marketing and advertising strategies in order to make their Merchant Storefronts selling illegal goods appear more relevant and attractive to search result software across an array of search words, including but not limited to "ULTIMATE GROUND ANCHOR".  By their actions, Defendants are causing concurrent and indivisible harm to Plaintiffs and the consuming public by (i) depriving Plaintiffs of their right to fairly compete for space within the various on-line marketplace

search results and reducing the visibility of the Plaintiffs' genuine Ultimate Ground Anchor on various on-line marketplaces and/or diluting and driving down the retail market price for the (ii) causing an overall degradation of the value of the goodwill associated with Plaintiffs' marks and goods; and (iii) increasing Plaintiffs' overall cost to market its goods and educate consumers about its brand and products.

      g. Upon information and belief, Defendants have cooperated, communicated their plans with one another, shared information, and coordinated their efforts, all in order to create an illegal marketplace operating in parallel to the legitimate marketplace of Plaintiffs' and the legally authorized resellers of Plaintiffs' genuine goods.

      h. Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm in Allegheny County, Pennsylvania.

      i. Upon information and belief, Defendants likely reside and/or operate in foreign jurisdictions with lax trademark and patent enforcement systems and are cooperating by creating an illegal stream of infringing and counterfeit goods.

      j. Upon information and belief, Defendants are aware of Plaintiffs' Product, and are aware that their illegal infringing actions alleged herein are likely to cause injury to Plaintiffs in the United States, in Pennsylvania and in this judicial district specifically, as Plaintiffs conducts substantial business in Pennsylvania.

      k. Plaintiffs are suffering irreparable and indivisible injury and suffered substantial damages as a result of Defendants' unauthorized and wrongful sale of counterfeit and infringing goods.

12. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 and 28 U.S.C. §§ 1400(a) and (b) because, for example:

    a.  Upon information and belief, Defendants conduct, transact, and/or solicit business in this judicial district.

    b.  Upon information and belief, Defendants or their agent(s) may be found in this district because personal jurisdiction is proper in this district.

    c.  Upon information and belief, this is a judicial district in which a substantial part of the events or omissions giving rise to the infringement claims occurred, or a substantial part of the property that is the subject of the action is situated.

    d.  Defendants not resident in the United States may be sued in this judicial district because personal jurisdiction is proper in this district.

## THE PLAINTIFFS

13.  Gorge Design Group, LLC ("Gorge Design") is a limited liability company organized and existing under the laws of the State of Washington, having its principal place of business at 205 West Humboldt Street, Bingen, Washington, 98605. Kirby Erdely is an individual who resides in the state of Washington and has a mailing address of 675 Ne Vine Street, White Salmon, Washington, 98672-8750. Erdely is the founder of and a governor for Gorge Design, and the owner of the intellectual property relating thereto.

14. The recent explosion of counterfeiting and infringement over the Internet, including through online marketplace platforms, has created an environment that requires brand owners, such as Plaintiffs, to expend significant time and money across a wide spectrum of efforts in

order to protect both consumers and Plaintiffs from the ill effects of confusion and the erosion of the goodwill associated with Plaintiffs' brand.

## THE DEFENDANTS

15. The Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, and conduct pervasive business through the operation of, at least, one fully interactive commercial Internet based e-commerce store via, at least, the Internet based online marketplaces wish.com, aliexpress.com, and eBay.com under the Seller IDs.

16. Upon information and belief, the Defendants use aliases in conjunction with the operation of their businesses as set forth in **Schedule "A"** hereto.

16. Defendants are the past and present controlling forces behind the sale of products bearing and/or using infringements of Plaintiffs' photographs, common law trademark, and patent as described herein using at least the Seller IDs.

17. Upon information and belief, Defendants directly engage in unfair competition with Plaintiffs and their authorized resellers by advertising, offering for sale and selling goods bearing and/or using infringements of Plaintiffs' patent, common law trademark, and photographs to consumers within the United States and this district through several fully interactive, commercial Internet websites and Internet based e-commerce stores operating under, at least, the storefronts, the Seller IDs, and any additional domain names, websites and corresponding website URLs or