seller identifications and store URL aliases not yet known to Plaintiffs. Defendants have purposefully directed some portion of their illegal activities towards consumers in the Commonwealth of Pennsylvania through the advertisement, offer to sell, sale, and/or shipment of Infringing Products into the Commonwealth.

18. Defendants have registered, established or purchased, and maintained the on-line marketplace website storefronts and Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the storefronts and Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they offer for sale and/or sell, during the registration or maintenance process related to their respective Seller ID. Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal infringing activities.

19. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing and/or using confusingly similar imitations of Plaintiffs' trade dress and trademark and infringing Plaintiffs' federally registered copyright unless preliminarily and permanently enjoined.

20. Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Plaintiffs.

21. Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of infringing goods bearing and/or using Plaintiffs' respective trade dress, trademark, and images are essential components of Defendants' online activities and are the means by which Defendants further their infringement scheme and cause harm to Plaintiffs. Moreover, Defendants are using Plaintiffs'

trademark to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby creating and increasing the value of the Seller IDs and decreasing the size and value of Plaintiffs' legitimate consumer marketplace at Plaintiffs' expense.

## COMMON FACTUAL ALLEGATIONS

**Plaintiffs and Their Ultimate Ground Anchor**

22. In 2005, David J. Brown, invented the Orange Screw ground anchor (the "Ultimate Ground Anchor") and Kirby Erdely, David J. Brown's son-in-law, is the owner of the patent related thereto; together, Gorge Design Group, LLC and Kirby Erdely own all the intellectual property related thereto. They are a family-owned business and the named Plaintiffs in this lawsuit

23. Erdely brought his father-in law's invention to market, and now, with Gorge Design, sell the unique and revolutionary product under the common law trademark ULTIMATE GROUND ANCHOR ("Plaintiffs' Mark") that is the most effective ground anchor ever made ("Plaintiffs' Product").  The Plaintiffs' Product is made of 100% recycled materials and manufactured in the U.S.A.  The Plaintiffs' Product will secure pets; anchor RV awnings; hold tarps over boats, ATVs and firewood; as well as ensure tents and sunshades stay put.  Kirby Erdely identified the need for this product and created the market for this product.

24. Genuine goods bearing the Plaintiffs' Mark are widely legitimately advertised and promoted by Plaintiffs, their authorized distributors, and unrelated third parties via the Internet. Over the past several years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasing important to Plaintiffs' overall marketing.  Thus, Plaintiffs and their authorized distributors expend significant monetary

resources on Internet marketing, including search engine optimization ("SEO") strategies. Those strategies allow Plaintiffs and their authorized retailers to fairly and legitimately educate consumers about the value associated with Plaintiffs' brand and the goods sold thereunder. Similarly, Defendants' individual seller stores are indexed on search engines and compete directly with Plaintiffs for space in the search results.

**Defendants' Wrongful and Infringing Conduct**

25. Upon information and belief, Defendants are, through at least the Internet based e-commerce stores operating under the Seller IDs, promoting, selling, offering for sale and distributing goods bearing and/or using confusingly similar imitations of Plaintiffs' Mark, using Plaintiffs' Works while marketing Infringing Products in a willful attempt to pass off their knock-off products as genuine versions of Plaintiffs Products; and infringed upon Plaintiffs' patent.

26. Upon information and belief, Defendants' Infringing Products are of a quality substantially and materially different than that of Plaintiffs' genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Infringing Products with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Plaintiffs despite Defendants' knowledge that they are without authority to use the Plaintiffs' Mark, Plaintiffs' Works and Plaintiff's Patent. The net effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Infringing Products are genuine goods originating from, associated with, and approved by Plaintiffs.

27. Defendants advertise their Infringing Products for sale to the consuming public via Internet based e-commerce stores on, at least, one Internet marketplace using at least the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully use the Plaintiffs' Mark, Plaintiffs' Works, and/or the Plaintiffs' Patent without Plaintiffs' permission.

28. As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of infringements of the Plaintiffs' Mark, Plaintiffs' Works, and Plaintiffs' Patent. Specifically, Defendants are using infringements of Plaintiffs' rights in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiffs' genuine goods. Defendants are causing, individual, concurrent and indivisible harm to Plaintiffs and the consuming public by (i) depriving Plaintiffs and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiffs' genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Plaintiffs' rights, and (iii) increasing Plaintiffs' overall cost to market its goods and educate consumers about its brand via the Internet.

29. Upon information and belief, Defendants are concurrently targeting their infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Plaintiffs and the consuming public for Defendants' own benefit.

30. Plaintiffs confirmed that Defendants were and/or are still currently offering for sale and/or selling Infringing Products for sale to the consuming public via Internet based e-commerce stores on, at least, one Internet marketplace using at least the Seller IDs and that Defendants provide shipping and/or have actually shipped Infringing Products to customers located within this judicial district.

31. There is no question that the Infringing Products themselves and the manner in which they are marketed is designed to confuse and mislead consumers into believing that they are purchasing Plaintiffs' Product or that the Infringing Products are otherwise approved by or sourced from Plaintiffs, thereby trading on the goodwill and reputation of Plaintiffs by engaging in the unauthorized use of at least one of the Plaintiffs' Mark, Plaintiffs' Works, and Plaintiffs' Patent.

32. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiffs' ownership of the Plaintiffs' Mark, Plaintiffs' Works, and Plaintiffs' Patent, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

33. Defendants' use of the Plaintiffs' Mark, Plaintiffs' Works, and Plaintiffs' Patent, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Infringing Products, is without Plaintiffs' consent or authorization.

34. Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of trading on Plaintiffs' goodwill and reputation. If Defendants' intentional

infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

35.  Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiffs' genuine goods and Defendants' Infringing Products, which there is not.

36.  Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing and unfairly competitive activities connected to their Seller IDs and any other alias e-commerce stores, photo albums, seller identification names, domain names, or websites being used and/or controlled by them.

37.  Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiffs.

38.  Plaintiffs have no adequate remedy at law.

39.  Plaintiffs are suffering irreparable injury and have suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Plaintiffs' Mark, Plaintiffs' Works, and Plaintiffs' Patent.  If Defendants' infringing and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

40. The harm and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Products.

**COUNT I – FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

41. Plaintiffs hereby adopt and re-allege the allegations set forth in the preceding paragraphs as if set forth herein.

42. Upon information and belief, Defendants' Infringing Products bearing, offered for sale, and sold using copies of at least one of the Plaintiffs' Mark and Plaintiffs' Works have been widely advertised and offered for sale throughout the United States via at least one fully interactive Internet marketplace.

43. Defendants' Infringing Products bearing, offered for sale, and sold using copies of at least one of the Plaintiffs' Mark and Plaintiffs' Works are virtually identical in appearance to Plaintiffs' genuine goods. Defendants' Infringing Products, however, are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Products.

44. Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Infringing Products, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiffs' detriment.

45. Defendants have authorized infringing uses of at least one of the Plaintiffs' Mark and Plaintiffs' Works in Defendants' advertisement and promotion of their Infringing Products. Defendants have misrepresented to members of the consuming public that the Infringing Products being advertised and sold by them are genuine, non-infringing goods.

46. Additionally, Defendants are using infringements of the Plaintiffs' Mark and Plaintiffs' Works in order to unfairly compete with Plaintiffs and others for space within search engine organic results, thereby jointly depriving Plaintiffs of a valuable marketing and educational tool which would otherwise be available to Plaintiffs and reducing the visibility of Plaintiffs' genuine goods on the World Wide Web.

47. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Plaintiffs have no adequate remedy at law, and have sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiffs will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

49. Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief, Plaintiffs' actual damages and Defendants' profits in an amount to be proven at trial, enhanced discretionary damages for willful infringement, and reasonable attorneys' fees and costs.

**COUNT II – PATENT INFRINGEMENT (35 U.S.C. § 271(a))**

50. Plaintiff hereby adopts and re-allege the allegations set forth in the preceding paragraphs as if set forth herein.

51. Plaintiff is the owner of U.S. Patent No. 7,309,198 B1 ("the '198 patent"), issued December 18, 2007, for "REUSABLE THREADED TIE DOWN" and which covers Plaintiffs' Product. A true and correct copy of which is attached as **Exhibit 3**.

52. Defendants have infringed and continue to infringe the '198 patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, selling, importing and/or offering to sell infringing products, namely the ground anchors that are nearly identical to Plaintiffs' Product.

53. Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

54. Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendants have notice of or knew of the '198 patent and have nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the '198 patent.

55. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Patent Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, enhanced discretionary damages and reasonable attorneys' fees and costs.

## COUNT III - COMMON LAW UNFAIR COMPETITION

56. Plaintiffs hereby adopt and re-allege the allegations set forth in the preceding paragraphs as if set forth herein.

57. This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing and/or using marks that are virtually identical, both visually and phonetically, to one or more of the Plaintiffs' Mark and Plaintiffs' Works in violation of Pennsylvania's common law of unfair competition.

58. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using infringements of one or more of the Plaintiffs' Mark and Plaintiffs' Works. Defendants are also using infringements of one or more of the Plaintiffs' Mark and Plaintiffs' Works to unfairly compete with Plaintiffs and others on Internet marketplaces, for space in search results across an array of search terms, and visibility on the World Wide Web.

59. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of one or more of the Plaintiffs' Mark and Plaintiffs' Works.

60. Plaintiffs have no adequate remedy at law and are suffering irreparable injury and damages as a result of Defendants' actions.

61. As a result of Defendants' actions alleged herein, Plaintiffs are entitled to injunctive relief, an order granting Plaintiffs' damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

62. Plaintiffs hereby adopt and re-allege the allegations set forth in the preceding paragraphs as if set forth herein.

63. This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Infringing Products bearing and/or using at least one of the Plaintiffs' Mark.  Plaintiffs are the exclusive licensee and owner of all common law rights in and to the Plaintiffs' Mark.

64. Specifically, Defendants, upon information and belief, are manufacturing, promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of the Plaintiffs' Mark.

65. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Products bearing and/or using the Plaintiffs' Mark.

66. Plaintiffs have no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a. Entry of temporary, preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116, 35 U.S.C. § 283, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or