promoting, distributing, selling or offering to sell their Infringing Products; from infringing, or diluting the Plaintiffs' Mark and Plaintiffs' Works; from using the Plaintiffs' Mark and Plaintiffs' Works, or any mark similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs; from falsely representing themselves as being connected with Plaintiffs, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiffs; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Plaintiffs' Mark and Plaintiffs' Works or substantially similar copy of the Plaintiffs' Works in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiffs, or in any way endorsed by Plaintiffs and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of the Plaintiffs' Mark and Plaintiffs' Works; from further infringement, or use of a substantially similar copy of the Plaintiffs' Works; and from otherwise unfairly competing with Plaintiffs.

    c. Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators that are provided with notice of the injunction, including but not limited to the online marketplaces hosted by wish.com, aliexpress.com, and eBay.com, identify any e-mail address known to be associated with Defendants' respective Seller ID, and cease

facilitating access to any or all e-commerce stores through which Defendants engage in the promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits and/or infringements of the Plaintiffs' Mark and Plaintiffs' Works, and/or a substantially similar copy of the Plaintiffs' Works.

    d. Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website and/or Internet Registrar operators and/or administrators who are provided with notice of the injunction, including but not limited to online marketplaces hosted by amazon.com, ebay.com, aliexpress.com, and shopify.com, permanently remove any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the Plaintiffs' Mark and Plaintiffs' Works, or substantially similar copies of the Plaintiffs' Works via the e-commerce stores operating under the Seller IDs and/or Domain Names, including any and all listings and images of goods bearing and/or using counterfeits and/or infringements of the Plaintiffs' Mark and Plaintiffs' Works, and/or a substantially similar copy of the Plaintiffs' Works linked to the same seller or linked to any other alias seller identification name being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Plaintiffs' Mark and Plaintiffs' Works, and/or substantially similar copy of the Plaintiffs' Works.

    e. Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to online marketplaces hosted by Amazon.com, eBay.com, Aliexpress.com, or shopify.com, immediately cease fulfillment of and sequester all goods of each Defendant or other Seller under a Seller ID bearing and/or using one or more of the Plaintiffs' Mark and

Plaintiffs' Works, and/or a substantially similar copy of the Plaintiffs' Works in its inventory, possession, custody, or control, and surrender those goods to Plaintiffs.

f. Entry of an order that enjoins Defendants from using, linking, transferring, selling, exercising control over, or otherwise owning Seller IDs and Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell the Infringing Products.

g. Entry of an order, that enjoins, the Third Party Service Providers and Financial Institutions from operating or hosting websites at the Domain Names and any other domain names registered or operated by Defendants that are being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Plaintiffs' Mark and Plaintiffs' Works, and/or substantially similar copy of the Plaintiffs' Works.

h. The domain name registries for the Defendant's Domain Names, including but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominent, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall at Plaintiffs' choosing:

(1) unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection until further ordered by this Court; or

(2) disable the Defendant's Domain Names and make them inactive and untransferable until further ordered by this Court.

i. The domain name registrars, including but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry ("PDR"),

and Namecheap Inc. ("Namecheap"), within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever data shall occur first, shall take any steps necessary to transfer the Defendant's Domain Names to a registrar account of Plaintiffs selection so that the Defendant's Domain Names can be redirected or disabled until further ordered by this Court.

j. Entry of an Order that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant's Domain Names, and domain name registrars, shall: (1) disable and cease providing services for any accounts through which Defendants engage in the offering for sale or sale of the Infringing Products, including any accounts associated with the Defendants listing on Schedule A; (2) disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and (3) take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying search results, including but not limited to removing links to the Defendant Domain Names from any search index.

k. Entry of an order requiring Defendants to account to and pay Plaintiffs for all profits and damages resulting from Defendants' infringing and unfairly competitive activities and that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. §1117.

l. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiffs' costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

m. Entry an order awarding Plaintiff damages adequate to compensate for the infringement of its patent, but in no event less than a reasonable royalty for the use made of the

invention by the Defendants, together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284 and that the award be trebled as provided for under 35 U.S.C. §284.

n. Entry of an Order finding that this case is exceptional and an award to Plaintiff of its attorney fees and costs as provided by for under 35 U.S.C. § 285.

o. Entry of an Order that, upon Plaintiff's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other domain names, alias seller identification names, or e-commerce store names or store URLs used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

p. Entry of an award of pre-judgment interest on the judgment amount.

q. Entry of an order for any further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all claims.

Respectfully submitted,

September 15, 2020  /s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

Brian Samuel Malkin
Pa. ID No. 70448
bmalkin@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 - Telephone
(412) 741-9292 - Facsimile

Attorneys for Plaintiffs
   Gorge Design Group, LLC, and Kirby Erdely

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant No. | Defendant/Store Name | Seller ID/Subject Domain Name |
|---|---|---|
| 1 | Syarme | A1LE71SBGVALWM |
| 2 | CAMPMAX | A26DVICKBT7YGQ |
| 3 | Freeland Outdoor | ADN9631RYBGI6 |
| 4 | goumaiZILIAO | A2J37P0QUG0BZ3 |
| 5 | Grassland-all | A2F6HPEI0EMAB3 |
| 6 | MAMAY SUMARNA | A2EQNA5A1HK6E8 |
| 7 | meaning xuansheng | A1ANGYFOI0TPHS |
| 8 | NVHUNG36 | A3TM8FWSFXDTL2 |
| 9 | Iam_1786 | 372820707148 |
| 10 | skycorpworld | 323981553860 |
| 11 | Aimfiree Store | 728882 |
| 12 | alexnld | alexnld.com |
| 13 | anontee | anontee.com |
| 14 | banggood | usa.banggood.com |
| 15 | bbfat | shiprole.com |
| 16 | berrous | berrous.com |
| 17 | bryces-shop | bryces.vip |
| 18 | capions | capions.com |
| 19 | coohome | coohome.org |
| 20 | DANCEMAGIC.SHOP | dancemagic.shop |
| 21 | inscriptionlife | inscriptionlife.com |

| Defendant No. | Defendant/Store Name | Seller ID/Subject Domain Name |
|---|---|---|
| 22 | izyndeal | izyndeal.com |
| 23 | lilymi | lilymi.com |
| 24 | locasdeals | locasdeals.com |
| 25 | mercadomagico | mercadomagico.com |
| 26 | motioncomm | motioncomm.com |
| 27 | myragrap | myragrap.com |
| 28 | nakathalie | oughteu.com |
| 29 | orange dancer | orangedancer.com |
| 30 | protelikes | protelikes.com |
| 31 | quandarn | another2.com |
| 32 | reachssgf | shop.reachssgf.com |
| 33 | shopbestyo | shopbestyo.com |
| 34 | showcasesf | showcasesf.com |
| 35 | TODDEALS | toddeals.com |
| 36 | tsmalls | tsmalls.shop |
| 37 | URBAN & HAWK | urbanandhawk.com |
| 38 | waterbests | waterbests.com |
| 39 | werebear | werebear.shop |

## **LISTING OF EXHIBITS**

Exhibit 1 .................................Printout of kickstarter.com page for ORANGE SCREW

Exhibit 2 .................................Printout of orangescrew.com

Exhibit 3 .................................U.S. Patent No. 7,309,198