IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORGE DESIGN GROUP, LLC, *et al.*, | |
| Plaintiffs, | Civil Action No.  2:20-cv-1384 |
| v. | |
| SYARME, *et al.*, | |
| Defendants. | **FILED UNDER SEAL** |

**DECLARATION OF STANLEY D. FERENCE III IN SUPPORT OF PLAINTIFFS'
*EX PARTE* APPLICATION FOR ENTRY OF A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

I, STANLEY D. FERENCE III, hereby declare as follows:

1. I am an attorney with the law firm of Ference & Associates LLC ("the Ference Firm"), located at 409 Broad Street, Pittsburgh, Pennsylvania 15143 and represent Gorge Design Group, LLC, and Kirby Erdely (collectively "Plaintiffs") in the above-referenced action.

2. I make and submit this declaration in support of Plaintiffs' *ex parte* application for the following:  1) a temporary restraining order; an order restraining assets and Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the above-named Defendants, Third Party Service Providers, and Financial Institutions, in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing Products ("Application").

**Background**

2. In 1989, I received a J.D. from the The Dickinson School of Law in Carlisle, Pennsylvania.

3. I was registered as a Patent Attorney before the United States Patent and Trademark Office ("PTO") on December 22, 1989. My PTO Registration No. is 33,879.

4. I have been actively involved in numerous intellectual property lawsuits and have obtained over 1,000 patents and trademarks for my clients.

5. I am "AV" rated by Martindale-Hubbell. I have previously been on the faculty of PLI's Patent Bar Review Course and am currently on the faculty of PLI's Patent Fundamentals Bootcamp.

**Plaintiffs' Patent**

6. Plaintiffs' patent is attached as **Exhibit 3** to the Complaint. U.S. Patent No. 7,309,198 for REUSABLE THREADED TIE DOWN issued December 18, 2007 (hereinafter "the '198 patent").

7. In general, non-legal terms, the '198 patent is directed towards a reusable threaded tie down that includes a protective sheath which can be used as a handle for insertion and removal of the tie down into sand, soil, gravel, and similar materials.

8. The '198 patent has not expired and is presumed valid.

**Defendants' Tie Down Products**

9. My firm purchased a tie down from the Goodsbuyhere seller on wish.com. Details on this purchase are attached to the Declaration of Taylor Ray in **Composite Exhibit 1**.

10. I have inspected certain tie down products ordered from sellers on AliExpress.com and wish.com; I have also inspected certain listings for tie down products on ebay.com. Each of these products is nearly an identical copy of Plaintiff's ULTIMATE GROUND ANCHOR product. An exemplar of the products I inspected is in the photographs in the representative claim chart I have prepared for Claim 1 of the '198 patent attached hereto as **Exhibit 1**. What is depicted in the in these photographs is the product that was ordered from the Goodsbuyhere seller on wish.com.

**Rule 65(b) Certifications**

11. In my experience policing the Plaintiff's products, and based upon my review of lawsuits filed by other brand owners, sellers of counterfeit and/or infringing products, particularly those sellers whose product listings are removed, merely change the description or photograph and then re-post the listing for the products on their respective Merchant Storefront[1] or modify or create a new User Account[2] and/or Merchant Storefront and proceed to sell the same product again. Likewise, these counterfeit sellers are sophisticated enough to monitor the US courts through PACER and the like looking for lawsuits that name them or their associates Merchant Storefronts and will drain their related financial accounts upon any notice that a lawsuit is filed against their activity.

---

[1] As defined in the Complaint, a "User Account" is any and all accounts with online marketplace platforms such as wish.com, aliexpress.com, and eBay.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[2] As defined in the Complaint, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

12. Based upon my personal experience and my review of lawsuits filed by other brand owners, I have learned that the Defendants selling on online marketplaces do not display their registered business name or trade name, contact name, complete address or any other contact information. These Defendants use their respective Merchant Storefronts and User Accounts to anonymously sell their Infringing Products.[3]  Likewise, these Defendants typically use shipping services like EMS and DHL and ePacket.  These shipping services provide minimal tracking and/or use incomplete or made up return addresses to further secret their identities.

13. Based upon the foregoing facts, supported by the evidence set forth in **Composite Exhibit 1**, it is submitted that providing notice of the Motion for Temporary Restraining Order and the restraints of the Defendant's Merchant Storefronts and Accounts would allow the Defendants to avoid the Court's Order thus depriving the Plaintiff of any damage recovery and otherwise prevent the full operation of the Court's Order.

14. To prevent the Defendants from escaping the effects of the Court's Order, Plaintiffs, Plaintiffs' Counsel and their agents have not publicized the filing of this lawsuit or the request for *ex parte* relief.

15. It is respectfully submitted that based upon the Complaint allegations, and the declarations and exhibits submitted therewith, Plaintiff has met the requirements of Fed. R. Civ. P. 65 (b) in its application to the court for an Ex Parte Temporary Restraining Order because:

(a) the specific facts in the affidavit and the verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[3] As alleged in the Complaint, Defendants have offered for sale, sold, and distributed knock-off versions of the Plaintiffs' ULTIMATE GROUND ANCHOR (the "Infringing Product") which closely mimic the appearance of Plaintiffs' product and infringe upon Plaintiffs' patent rights .

(b) the movant's attorney (undersigned) has herein certified in writing that notice would, in this case, defeat the purposes of the application for the *ex parte* temporary restraining order and asset restraint.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Pittsburgh, Pennsylvania
September 15, 2020

                                                  /Stanley D. Ference III/
                                                 Stanley D. Ference III