*Off-White, LLC v. A445995685, et al.,*
 No. 18-cv-2009-LGS, Dkt. 5 (S.D.N.Y. March 27, 2018) ...................................................... 14

*Oldfield v. Pueblo De Bahia Lora, S.A.,*
 558 F.3d 1210, 1219-1224 (11th Cir. 2011) ............................................................................ 18

*One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC,* 553 F. Supp. 2d 201, 206
 (E.D.N.Y. 2008) ....................................................................................................................... 42

*Ontel Products Corp. v. Airbrushpainting Makeup Store a/k/a Airbrushespainting, et al.,* No. 17-
 cv-871-KBF, Dkt. 20 (S.D.N.Y. Feb. 6, 2017) .................................................................. 14, 59

*Opticians Ass'n of Am. v. Indep. Opticians of Am.,*
 920 F.2d 187, 196 (3d Cir.1990) ....................................................................................... 31, 42

*Otokoyama Co. Ltd v. Wine of Japan Import, Inc.,*
 175 F.3d 266, 270 (2d Cir. 1999) ............................................................................................ 38

*Pappan Enters., Inc. v. Hardee's Food Sys., Inc.,*
 143 F.3d 800, 805 (3d Cir.1998) ............................................................................................. 31

*Pennzoil Prods. Co. v. Colelli & Assocs., Inc.,*
 149 F.3d 197, 207 (3rd Cir.1998) ............................................................................................ 26

*Pfizer, Inc. v. Y2K Shipping & Trading, Inc.,* 00-cv-5304-SJ, 2004 U.S. Dist. LEXIS 10426, at
 *15-16 (E.D.N.Y. March 26, 2004) ........................................................................................ 45

*Philip Morris USA Inc. v. 5 Bros. Grocery Corp.,* No. 13-cv-2451- DLI/SMG, 2014 U.S. Dist.
 LEXIS 112274 (E.D.N.Y. Aug. 5, 2014) ................................................................................ 46

*Polymer Technology Corp. v. Mimran,*
 975 F.2d 58, 62 (2d Cir. 1992) ................................................................................................ 43

*Polymer Techs., Inc. v. Bridwell,*
 103 F.3d 970, 975-76 (Fed. Cir. 1996 .................................................................................... 33

*Poole v. Sasson,*
 122 F. Supp. 2d 556 (E. D. Pa. 2000) ...................................................................................... 21

*Pretty Girl, Inc. v. Pretty Girl Fashions, Inc.,*
 778 F. Supp. 2d 261, 268-269 (E.D.N.Y. 2011) ...................................................................... 41

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,*
 819 F. 2d 434, 436 (3rd Cir. 1987) .......................................................................................... 15

*Purdue Pharma L.P. v. Boehringer Ingelheim GmbH,*
 237 F.3d 1359, 1368 (Fed. Cir. 2001) ..................................................................................... 32

*Rado Watch Co.* v. *ABC, Co.*, 92-cv-3657-PKL,
 1992 U.S. Dist. LEXIS 8356, at *11 (S.D.N.Y. June 8, 1992) .................................................. 40

*Rapid Slicer, LLC v. Buyspry,*
 *19-cv-249 (W.D. Pa. March 11, 2019) (Horan, J.)* ..................................................................... 59

*Reebok Int'l Ltd. v. Marnatech Enters., Inc.,*
 970 F.2d 552, 559 (9th Cir. 1992) ............................................................................................... 49

*Remick v. Manfredy,*
 238 F.3d 248, 255 (3rd Cir.2001) ............................................................................................... 21

*Renner v. Lanard Toys Limited,*
 33 F.3d 277, 279 (3d Cir.1994) ................................................................................................... 21

*Rolex Watch, U.S.A., Inc. v. Pharel*, 09 CV 4810 (RRM) (ALC), 2011 U.S. Dist. LEXIS 32249,
 at 6 (E.D.N.Y. Mar. 11, 2011) ..................................................................................................... 18

*Rovio Entertainment Ltd. and Rovio Animation OY v. Angel Baby Factory d/b/a
 Angelbaby_factory et al.,* No. 17-cv-1840-KPF, Dkt. 11 (S.D.N.Y. March 27, 2017) ...... 14, 59

*Rovio Entertainment Ltd. and Rovio Animation OY v. Best Baby and Kid Store, et al.,* No. 17-cv-
 4884-KPF, Dkt. 6 (S.D.N.Y. June 28, 2017) ............................................................................... 59

*S & R Corp. v. Jiffy Lube Int'l, Inc.*,
 968 F.2d 371, 378 (3d Cir.1992) ................................................................................................. 32

*Salinger v. Colting,*
 607 F.3d 68, 82 (2d Cir. 2010) .................................................................................................... 31

*Scott Paper Co. v. Scott's Liquid Gold, Inc.,*
 589 F.2d 1225, 1229 (3d Cir. 1978) ............................................................................................ 39

*SEC v. Caledonian Bank Ltd.,*
 317 F.R.D. 358 (S.D.N.Y. 2016) ................................................................................................. 52

Seventh Circuit,
 in *Illinois v. Hemi Group LLC* ..................................................................................................... 19

*Sheldon v. Metro-Goldwyn Pictures Corp.,*
 309 U.S. 390, 399 (1940) ............................................................................................................. 50

*Showtech Merchndising, Inc. v. Various John Doe, et al,*
 2:12-cv-1270 (W.D. PA September 6, 2012) .............................................................................. 59

*Sin, Inc. v. Does 1-176,*
 279 F.R.D. 239, 241 (S.D.N.Y. 2012) ......................................................................................... 56

*SK & F, Co. v. Premo Pharmaceutical Laboratories,*
   625 F.2d 1055, 1057 (3d Cir.1980) ....................................................................................... 47

*Skrodzki v. Marcello,*
   810 F. Supp. 2d 501, 512-13 (E.D.N.Y. 2011) ..................................................................... 18

*Spin Master Ltd. and Spin Master, Inc. v. 158, et al.,* No. 18-cv-1774-PAE, Dkt. 18 (Feb. 27,
   2018) ...................................................................................................................................... 14

*Spin Master Ltd. and Spin Master, Inc. v. Alisy, et al.,* No. 18-cv-543-PGG, Dkt. 16 (S.D.N.Y.
   Jan. 22, 2018) ........................................................................................................................ 14

Square D Co. v. Scott Elec. Co., No. 06-459,
   2008 WL 4462298, at *3 (W.D. PA September 30, 2008) ................................. 23, 24, 25, 26

*Star Indus. v. Bacardi & Co.,*
   412 F.3d 373, 387 (2d Cir. 2005) ......................................................................................... 44

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.,*
   588 F.3d 97, 115 (2d Cir. 2009) ........................................................................................... 44

*Sterling Commercial Credit-Michigan, LLC v. Phoenix Industries I, LLC,* 762 F.Supp.2d 8
   (D.D.C. 2011) ....................................................................................................................... 30

*Stern v. Cosby,*
   246 F.R.D. 453, 457 (S.D.N.Y. 2007) .................................................................................. 56

*Stix Prods., Inc. v. United Merchants &Mfrs., Inc.,*
   295 F. Supp. 479, 488 (S.D.N.Y. 1968) ............................................................................... 40

*The North Face Apparel Corp. and PRL USA Holdings, Inc. v. Fujian Sharing, et al.*, Civil
   Action No. 10-Civ-1630 (AKH) (S.D.N.Y. March 2, 2010) ................................................ 49

*Thompson Medical Co., v. Pfizer Inc.,*
   753 F.2d 208, 216 (2d Cir. 1985) ......................................................................................... 40

*Tiffany (NJ) LLC* v. *Forbse,* No. 11-cv-4976-NRB, 2012 U.S. Dist. LEXIS 72148, at *34
   (S.D.N.Y. May 23, 2012) ..................................................................................................... 48

*Time Warner Entertainment Co., L.P.* v. *Does*, 876 F. Supp. 407, 410-11 (E.D.N.Y. 1994) ...... 29

*Times Mirror Magazines, Inc. v. Las Vegas Sports News, L.L.C.*, 212 F.3d 157, 169 (3d
   Cir.2000) ............................................................................................................................... 31

*Tinnus Enters., LLC v. Telebrands Corp.*,
   846 F.3d 1190, 1205 (Fed. Cir. 2017) .................................................................................. 45

*Tory Burch LLC v. Yong Sheng Intl Trade Co., Ltd.*, No. 10-Civ-9336 (S.D.N.Y. December 17,
   2010) ................................................................................................................................ 14, 49


*Toys "R" Us, Inc. v. Step Two, S.A.*,
  318 F.3d 446 (3rd Cir.2003) ................................................................................................. 22, 24

*TRE Services, Inc. v. U .S. Bellows, Inc.*,
  2012 WL 2872830, *4–5 (W.D.Pa. July 12, 2012) ..................................................................... 24

*True Religion Apparel, Inc. et al. v. Xiaokang Lee et al.*, No. 1:11-cv-08242-HB (S.D.N.Y. Nov.
  15, 2011) ....................................................................................................................................... 14

*U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*,
  800 F.Supp.2d 515, 540 (S.D.N.Y. 2011) ................................................................................... 31

*United States Jaycees v. Philadelphia Jaycees*,
  639 F.2d 134, 142 (3d. Cir. 1981) ............................................................................................... 44

*Virgin Enterprises v. Nawab*,
  335 F.3d 141, 150 (2d Cir. 2003) ................................................................................................ 44

*Walter v. Stacey*,
   837 A.2d 1205 (Pa. Super. 2003)................................................................................................. 5

*Warner Bros. Entm't Inc. v. Doe*, No. 14-cv-3492- KPF, 2014 U.S. Dist. LEXIS 190098
  (S.D.N.Y. May 29, 2014)..................................................................................................... 48, 50

*Warner Bros. Entm't, Inc. v. WTV Sys.*,
   824 F. Supp. 2d 1003, 1013-14 (C.D. Cal. 2011).................................................................... 33

*William Mark Corporation v. 1&cc, et al.*,
  No. 18-cv-3889-RA, Dkt. 18 (S.D.N.Y. May 2, 2018) ........................................................... 14

*Willyoung v. Colorado Custom Hardware, Inc.*,
  2009 WL 3183061 (W. D. Pa. Sept.30, 2009).................................................................... 23, 25

*Windsurfing Intern, Inc. v. AMF, Inc.*,
  782 F.2d 995, 1003 n.12 (Fed. Cir. 1986) ................................................................................. 46

*Wishnatzki &Nathel, Inc. v. H.P. Island-Wide, Inc.*, No. 00-cv-8051-JSM, 2000 U.S. Dist.
  LEXIS 15664, at *4 (S.D.N.Y. 2000)........................................................................................ 48

*WOW Virtual Reality, Inc. v. Bienbest, et al.*, No. 18-cv-3305-VEC, Dkt. 9 (S.D.N.Y. April 16,
  2018) ............................................................................................................................................. 14

*Wow-Virtual Reality, Inc. v. 740452063 et al.*, No. 18-cv-3618, Dkt. 18 (S.D.N.Y. April 25,
  2018) ............................................................................................................................................. 59

*WowWee Group Limited, et al. v. A249345157, et al*, No. 17-cv-9358-VEC, Dkt. 18 (S.D.N.Y.
  Dec. 11, 2017).............................................................................................................................. 14

*WowWee Group Limited, et al. v. Meirly, et al.,* No. 18-cv-706-AJN, Dkt. 11 (S.D.N.Y. Jan. 26, 2018) .................................................................................................................................. 14

Zandelin v. Maxwell Bentley Mfg. Co.,
   197 F. Supp. 608 (S.D.N.Y. 1961) ............................................................................................ 37

*Zino Davidoff SA v. CVS Corp.,*
   571 F.3d 238, 243 (2d Cir. 2009) ............................................................................................. 32

*Zippo Mfg. Co. v. Zippo DOT Com,*
   952 F.Supp. 1119 (W.D.Pa.1997) ...................................................................................... passim

**Statutes**

15 U.S.C. § 1117(a) .............................................................................................. 5, 47, 50, 51

15 U.S.C. § 1125(a), 35 U.S.C. 271 ............................................................................................ 2

15 U.S.C.A. §§ 1114, 1125(a)(1)(A) ......................................................................................... 39

28 U.S.C. § 1651(a) .................................................................................................................... 2

35 U.S.C. § 271(a) .................................................................................................................... 45

35 U.S.C. § 282 ........................................................................................................................ 45

42 Pa. C. S. A. § 5322(b) (1981) .............................................................................................. 21

**Rules**

Fed. R. Civ. P. 26(d)(1) ............................................................................................................. 56

Fed. R. Civ. P. 4 (e) (1) ............................................................................................................. 15

Fed. R. Civ. P. 65(b) ................................................................................................................. 27

Fed. R. Civ. P. 65(c) .................................................................................................................. 58

Fed. R. Civ. P. 26(d)(1) ............................................................................................................. 56

Fed. R. Civ. P. 30(b), 34(b) ....................................................................................................... 55

Fed. R. Civ. P. 4 (e) (1) ............................................................................................................. 15

Fed. R. Civ. P. 64 ........................................................................................................................ 5

Fed. R. Civ. P. 65(a) ................................................................................................................. 60

Fed. R. Civ. P. 65(b). ................................................................................................................. 27

Fed. R. Civ. P. 65(d)(2)(C) ....................................................................................................... 57

Fed.R.Civ.P. 4(f)(3), ................................................................................................................. 54

**Other Authorities**

1 Federal Unfair Competition: Lanham Act 43(a) § 6:12 (Dec. 2018 Update) ............................ 38

2 *McCarthy,* § 30:21 ................................................................................................................. 47

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORGE DESIGN GROUP, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SYARME, *et al.*, <br><br> Defendants. | Civil Action No. <br><br><br><br><br><br> **FILED UNDER SEAL** |

## I. INTRODUCTION

Plaintiffs Gorge Design Group, LLC ("Gorge Design") and Kirby Erdely ("Erdely") (collectively, "Plaintiffs") submit this memorandum of law in support of their *ex parte* application for: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against above-referenced Defendants (hereinafter collectively referred to as "Defendants" or individually as "Defendant"), and the third party entities identified below ("Application").[1]

Specifically, Plaintiffs have obtained evidence clearly demonstrating that (a) Defendants have used Plaintiffs' photographs, videos and/or common law ULTMATE GROUND ANCHOR trademark while marketing their knock-off products in a willful attempt to pass them off as genuine products; (b) Defendants have infringed upon at least one claim of Plaintiffs' U.S. Patent No. 7,309,198; and (c) Defendants accomplish their infringing sales through the use of, at least,

---

[1] Plaintiffs acknowledge they are seeking multiple forms of relief. Plaintiffs will promptly provide supplemental briefing or oral argument on any issue should the Court request it.

- 1 -

the Internet based e-commerce stores operated via at least the wish.com, ebay.com, and aliexpress.com Internet marketplace platforms. Based on this evidence, Plaintiffs' Complaint alleges claims for federal unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended; patent infringement of Plaintiffs' U.S. Patent No. 7,309,198 in violation of the Patent Act; common law unfair competition; and common law trademark infringement, all pursuant to 15 U.S.C. § 1125(a), 35 U.S.C. § 271, and The All Writs Act, 28 U.S.C. § 1651(a).

Defendants' sale, distribution, and advertising of the Infringing Product are highly likely to cause consumers to believe that Defendants are offering Plaintiffs' genuine product when in fact they are not. To illustrate, below are several examples which vividly show that the Infringing Product itself and the manner in which it is marketed is designed to confuse and mislead consumers into believing that they are purchasing Plaintiffs' genuine product or that the Infringing Product is otherwise approved by or sourced from Plaintiffs:



| Plaintiff's Product | Defendant Grassland All Listing |
|---|---|

| Plaintiff's Product | Defendant Iam_1786  Listing |
|---|---|
| | |
| Plaintiff's Product | Defendant  goumaiZILIAO Listing |
| | |

*See Declaration of Kirby G. Erdely* (the "*Erdely Dec.*") at ¶ 21.

Defendants' actions have resulted in actual confusion in the marketplace between Defendants' Infringing Product and Plaintiffs' genuine products.  *Id.* at ¶ 21. Numerous purchasers of Defendants' Infringing Product have contacted Plaintiffs to complain about the performance of the Infringing Product believing same to be a genuine product.  *Id.* Examples of such complaints include "Thought I was ordering from you and I have been orange screwed"  *Id.* Such complaints and negative comments are likely not just made directly to Plaintiffs, but are also posted by buyers of the Infringing Products on various websites and social media sites for all the world to see.

Defendants' Infringing Products are substantially inferior to the genuine product. *Id.* at ¶ 23. As poorly designed and manufactured products, Defendants' Infringing Products create serious risk of harm to animals that may break or pull out the inferior ground stake and run away from their intended safe ground. Likewise, the inferior products may fail allowing expensive items such as canoes, kayaks, and the like to escape safe mooring and be damaged or lost. Finally, the failure of the inferior ground stake may result in tents or tarps coming undone thus exposing users or items to sun or inclement weather, and the damage caused by such. The Infringing Products threaten to destroy the reputation of high quality that Plaintiffs' Products have earned. *Id.*

Internet based e-commerce stores like the Defendants herein are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. *Declaration of Brian Samuel Malkin* (the "*Malkin Dec.*") at ¶ 3. According to an intellectual property rights seizures statistics reports issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government since 2012 annually exceeds $1.0 billion. *Id.* at ¶ 4. Internet based e-commerce stores like the Defendants herein are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.* at ¶ 5.

Defendants' unlawful activities have deprived and continue to deprive Plaintiffs of their rights to fair competition. By their activities, Defendants are defrauding Plaintiffs and the consuming public for Defendants' benefit. Defendants should not be permitted to continue their unlawful activities, which are causing Plaintiffs ongoing irreparable harm. Accordingly, Plaintiffs are seeking entry of a temporary restraining order prohibiting Defendants' further wrongful unfair competition and infringement of Plaintiffs' patent.

Moreover, Plaintiffs have obtained evidence that Defendants use money transfer and/or retention/processing services with the Financial Institutions. *See Declaration of Taylor Ray* (the "*Ray Dec.*") ¶¶ 1 - 3, and exhibits filed herewith.) Plaintiffs seek to restrain the illegal profits generated by each Defendant. In light of the inherently deceptive nature of the counterfeiting and knock-off business, Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless they are restrained. The Lanham Act allows Plaintiffs to recover the illegal profits gained through Defendants' distribution and sale of knock-off and infringing goods. *See* 15 U.S.C. § 1117(a). Furthermore, in Pennsylvania, a pre-judgment restraint of existing assets is appropriate where a plaintiff is asserts a claim for money damages.[2] *Walter v. Stacey*, 837 A.2d 1205 (Pa. Super. 2003) (injunction entered restraining assets in action seeking damages for a wrongful death); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186 (3d Cir. 1990) (affirming injunction entered restraining assets in class action lawsuit). To preserve the disgorgement remedy and the ability to at least partially satisfy a judgment, Plaintiffs seek an *ex parte* order restraining Defendants' assets, including specifically, funds transmitted through the Financial Institutions..

This Court has previously granted the relief sought herein in actions involving claims under Section 43(a) of the Lanham Act and copyright infringement. *Doggie Dental Inc. v. Go Well,* No. 19-cv-1282 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on amazon.com); *Doggie Dental Inc. v. Worthbuyer,* No. 19-cv-1283 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on ebay.com); *Doggie Dental Inc. v. Max_Buy*, No. 19-cv-746 (W.D. Pa. June 27, 2019) (Hornak, J.) (sellers on ebay.com); *Doggie Dental Inc. v. Anywill,* No. 19-cv-682 (W.D. Pa. June 13, 2019) (Hornak, J.) (sellers on amazon.com). This Court has also previously granted the relief

---

[2] Fed. R. Civ. P. 64 provides "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."

sought herein in actions involving claims for trademark counterfeiting and patent infringement. *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (May 28, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Babymove*, No. 19-cv-166 (W.D. Pa. Feb. 14, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Artifacts_Selling*, No. 18-cv-1462 (W.D. Pa. Oct. 31, 2018) (Fischer, J.) (sellers on ebay.com and aliexpress.com).  Other courts have granted the relief sought herein in actions involving claims under Section 43(a) of the Lanham Act and copyright infringement.  *Millennium IP, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 18-cv-3778 (N.D. Ill. June 6, 2018) (nearly 400 defendants, including sellers on amazon.com and ebay.com); *Nu Image, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 17-cv-2918 (N.D. Ill. May 12, 2017) (over 200 defendants, including sellers on amazon.com and ebay.com).  Furthermore, other courts have granted the relief sought herein whether the defendants are located outside of the United States or based in the United States.  *Cartier International A.G. v. Replicapaneraiwatches.cn,* No. 17-cv-62401 (S.D. Fla. Jan. 2, 2018) (mix of U.S. and foreign defendants) and *Juul Labs, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 18-cv-1382 (E.D. Va. Nov. 16, 2018) (all U.S. defendants).  Exemplars of temporary restraining orders issued in cases similar to the present case are included in Plaintiff's *Request for Judicial Notice* submitted herewith.

## II.  STATEMENT OF FACTS

### A.  Plaintiffs' Innovative Product

In 2005, David J. Brown, invented the Orange Screw ground anchor (the "Ultimate Ground Anchor") and Kirby Erdely, David J. Brown's son-in-law, is the owner of the patent related thereto; Gorge Design Group, LLC and Kirby Erdely are the owners of all the intellectual