IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORGE DESIGN GROUP, LLC, *et al.*, | |
| Plaintiffs, | Civil Action No.   2:20-cv-1384 |
| v. | |
| SYARME, *et al.*, | |
| Defendants. | **FILED UNDER SEAL** |

## PLAINTIFFS' *EX PARTE* MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

Plaintiffs Gorge Design Group, LLC ("Gorge Design Group") and Kirby Erdely ("Erdely") (collectively, "Plaintiffs"), hereby move this Court on an *ex parte* basis,[1] for an order authorizing alternate service of process on Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on **Schedule "A"** hereto (collectively "Defendants")[2], brought pursuant to Federal Rule of Civil Procedure 4(f)(3). In support thereof, Plaintiffs submit the following:

---

[1]  Plaintiffs are moving for alternate service *ex parte* as Plaintiffs have yet to provide Defendants with notice of this action. Contemporaneously herewith, Plaintiffs have filed their *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("*Ex Parte* Application for Temporary Restraining Order"), together with the supporting Declarations and Exhibits. The present Motion makes reference to Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, and as such, Plaintiffs seek to prevent premature disclosure of that filing. (See Declaration of Stanley D. Ference III in Support of Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants ["*Ference Dec.*"] ¶ 1, n.1, filed herewith.) However, Plaintiffs are filing this Motion so that, in the event Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and the instant Motion are granted, Plaintiffs can effectuate service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure simultaneously with providing notice of the Court's order on Plaintiffs' *Ex Parte* Application for Temporary Restraining Order. (*See id.*)

[2]  Plaintiffs are not moving for service pursuant to Fed. R. Civ. P. 4(f)(3) with respect to Defendant Numbers 3, 13 and 22, because Plaintiffs will be attempting conventional service of process as to those Defendants

## I.    <u>INTRODUCTION</u>

Plaintiffs are suing Defendants for federal unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended; infringing the claims of Plaintiffs' U.S. Patent No. 7,309,198 in violation of the Patent Act; common law unfair competition; and common law trademark infringement, pursuant to 15 U.S.C. § 1125(a), 35 U.S.C. § 271, and The All Writs Act, 28 U.S.C. § 1651(a). Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling knock-off versions of Plaintiffs' ULTIMATE GROUND ANCHOR™ (the "Infringing Product") which closely mimic the appearance of Plaintiffs' genuine product within this district and throughout the United States by operating e-commerce stores established at least via the Internet marketplace websites wish.com, aliexpress.com, and eBay.com under their Store Names and Seller Names identified on Schedule "A" hereto (the "Seller IDs"). Defendants have violated Section 43(a) of the Lanham Act by using Plaintiffs' photographs and/or common law ULTIMATE GROUND ANCHOR trademark; infringed upon the claims of Plaintiffs' patent; and Defendants have also engage in common law unfair competition and trademark infringement, all while marketing their knock-off products in a willful attempt to pass them off as genuine products;

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs request an order authorizing service of process on Defendants via electronic communication ("e-mail") and via website publication. E-mail and website publication service are appropriate and necessary in this case, because Defendants (1) operate via the Internet, and (2) rely on electronic communications to operate their businesses.  As such, Plaintiffs have the ability to contact Defendants directly and provide notice of Plaintiffs' claims against them electronically via e-mail. Additionally, Plaintiffs have created a publication website and will be posting copies of the Complaint,

Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, this instant Motion, and all other documents filed in this action. Plaintiffs respectfully submit that an order allowing service of process and future filings[3] via e-mail and by publication on a designated website will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve Defendants by email and/or website publication, Plaintiffs will almost certainly be left without the ability to pursue a remedy.

## II.  STATEMENT OF FACTS

### A.  Defendants Have Valid and Operational Means of Electronic Contact.

Defendants operate Internet-based businesses and use electronic means of communication such that Plaintiff will be able to provide Defendants with notice of this action via e-mail and website publication. As a practical matter, it is necessary for merchants who operate entirely online, such as Defendants, to provide customers with valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipments of orders. Further, e-commerce defendants generally must maintain accurate e-mail addresses where their marketplace platforms and payment processor may communicate with them regarding issues related to their e-commerce store accounts and transfer of funds for the payment for goods. Plaintiff has also created a webpage on www.ferencelaw.com ("Plaintiffs'

---

[3]    Fed. R. Civ. P. 5 governs service of pleadings and other papers once service of process has been made. Service is not required on any party that fails to appear. *See* Fed. R. Civ. P. 5(a)(2). Nonetheless, Plaintiffs propose to continue to serve pleadings and other papers via e-mail and by posting on a designated website.

Website"), such that anyone accessing Plaintiffs' Website will find copies of documents filed in this action. (See *Ference Dec.*, ¶¶ 5 - 6.)

eBay.com, Inc., which operates the eBay.com marketplace maintains contact e-mail addresses for sellers operating via their marketplaces, and based upon past actions, eBay.com, Inc. identifies these contact e-mail addresses for Defendants at issue upon compliance with a temporary restraining order, such as the temporary restraining order Plaintiffs are requesting in the instant case.   (See *Ference Dec.*, ¶ 3.)  Additionally, Defendants operating their respective e-commerce stores via the Internet marketplace website ebay.com have provided an electronic form of contact in the form of eBay's messaging system. (*Id.*) eBay's messaging system facilitates communication between customers and merchants in the eBay.com marketplace.  (*Id.*)

Furthermore, sellers operating via eBay.com use money transfer and retention services with PayPal, Inc. ("PayPal"), as a method to receive monies generated through the sale of Infringing Products. Defendants have provided at least one accurate contact email address to PayPal in order to conduct business via their respective Seller IDs. (See *Ference Dec.*, ¶ 4.) Defendants' PayPal account e-mail addresses must necessarily be valid, working e-mail addresses; otherwise, Defendants would not be able to process payments through their PayPal accounts.[4] (See *Id.*) Moreover, pursuant to PayPal's Electronic Communications Delivery Policy (E-Sign Disclosure and Consent), PayPal account holders consent to receive all communication electronically, including via e-mail, and are required to maintain a valid e-mail address. If PayPal discovers an e-mail address has become invalid such that electronic communications sent to the e-mail address by PayPal are returned, PayPal may deem the account

---

[4]   See PayPal's Electronic Communications Delivery Policy (E-Sign Disclosure and Consent), available at https://www.paypal.com/us/webapps/mpp/ua/esign-full (last visited August 31, 2020).

to be inactive and disable transaction activity until a valid, working e-mail address is provided. (See *Id*.) Based upon past actions, PayPal identifies these contact e-mail address for all Defendants at issue upon compliance with a temporary restraining order, such as the temporary order Plaintiffs are requesting in the instant case.  (*Id*.)

Context Logic, Inc., which operates the wish.com website, maintains contact e-mail addresses for sellers operating via Wish.com, and based upon past actions, ContextLogic, Inc. identifies these additional contact e-mail addresses for all Defendants at issue upon compliance with a temporary restraining order, such as the temporary restraining order Plainitffs are requesting in the instant case. (*Id., ¶ 5.*)

AliExpress.com's ("AliExpress") Messaging Service is an available means for contacting sellers on that online marketplace. The AliExpress Messaging Service is a system that facilitates communication between customers and merchants in the AliExpress marketplace. By using the Messaging Service, a customer can communicate with an AliExpress merchant via a unique anonymized electronic mail ("e-mail") address. This anonymized e-mail alias is treated in the same way as a real e-mail address.[5] Additionally, AliExpress allows a customer to see a copy of the message on the Messages Center page in the customer's account. More importantly, customers are automatically notified when an e-mail message is not delivered to the merchant. (*Id., ¶ 6.*)

Accordingly, each Defendant will be provided with notice of this action electronically by providing the address to Plaintiffs' Website (discussed *supra*) to their corresponding e-mail addresses and/or direct messaging or inquiry system that Defendants use to conduct their commercial transactions via the Sellers IDs. (*Ference Dec., ¶ 7.*) In this manner, Defendants

---

[5]     See Communicating with the supplier, available at http://activities.aliexpress.com/adcms/help-aliexpress-com/communicate_with_supplier.php (last visited August 31, 2020).

will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures.

Finally, Plaintiffs will be able to provide each Defendant notice of this action via public announcement on Plaintiffs' designated website. Plaintiffs have created a publication website that will be appearing on www.ferencelaw.com ("Plaintiffs' Website), whereupon copies of the Complaint, Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, this Motion, discovery, and other filings, and orders issued in this action will be posted, such that anyone accessing Plaintiffs' Website will find copies of documents filed in this action similar to the Court's CM/ECF procedures. (*Ference Dec.*, ¶ 7.) The address for Plaintiffs' Website will be provided to Defendants via their e-mail accounts provided by AliExpress, eBay, Context Logic and/or PayPal, or through the respective direct messaging or inquiry system, and will be included as part of service of process in this matter. (*Id.*)

**B. Defendants Rely on Electronic Communications.**

Defendants have structured their e-commerce store businesses so that the sole means for customers to purchase Defendants' goods at issue is by placing an order electronically. Defendants take and confirm orders online and rely on electronic means to receive a payment. (*See* Declaration of Taylor Ray in Support of Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ["*Ray Dec.*"] ¶ 3 and Comp. Ex. 1 thereto.) During the investigation, Plaintiffs were able to view Defendants' Infringing Products, add products to the online shopping cart, proceed to a point of checkout, add a shipping address in this judicial district and payment information and otherwise actively exchange data with each Merchant Storefront. (*Id.*) Clearly, Defendants rely on electronic means as reliable forms of contact.

- 6 -

## III.   **ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3), allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process via e-mail and website publication are appropriate given that Defendants have established Internet-based businesses by which they rely on electronic communications for their operation. Accordingly, this Court should permit service on Defendants by e-mail and website publication.

### A. The Court May Authorize Service via Electronic Mail and Website Publication Pursuant to Federal Rule of Civil Procedure 4(f)(3).

Fed. R. Civ. P. 4(f)(3) enables a foreign business entity to be served with process using an alternative method of service so long as the alternative method: (1) "is not prohibited by international agreement" and (2) "comports with constitutional notions of due process". *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, No. 13-cv-458, 2013 WL 1644808 at *1, *2 (W.D. Pa. April 16, 2013) (Hornak, J.). Notably, "[s]ervice under subsection [4(f)] (3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 330 (S.D.N.Y 2015) (quoting *Advanced Aerofoil Techs., AG v. Todaro*, 2012 U.S. Dist. LEXIS 12383, at *1 (S.D.N.Y. Jan. 31, 2012) (internal citations omitted)). Since third-party merchants on Internet marketplaces, like Defendants, have been known to use aliases, false addresses and other incomplete identification information to shield their true identities and there

are, in fact, no physical addresses whatsoever associated with the majority of Defendants' User Accounts, this is exactly the circumstance where the courts should exercise, as they previously have exercised, the authority to grant alternative methods of service. *See Id.* (quoting *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria,* 265 F.R.D. 106, 115 (S.D.N.Y. 2010) ("The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.") (internal quotation marks omitted)); *see also Ference Dec.,* ¶¶ 3 - 8.

Fed. R. Civ. P. 4(f)(3) permits service in a place not within any judicial district of the United States[6] "by any internationally agreed means of service that is reasonably calculated to give notice". *See Rio Props. v. Rio Intern. Interlink,* 284 F. 3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Props.* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.,* 284 F. 3d at 1014-15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain

---

[6]  In the unlikely event a defendant for whom Plaintiff does not have an address was located in the United States, service would be governed by Fed. R. Civ. P. 4(e)(1), which provides for "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located". Pa. R. Civ. Pro. 430 provides "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service." Thus, service by electronic means would also be sufficient in the event any Defendant is located in the United States. *See Power Corp. of Canada v. Power Financial*, No. 4:09-cv-0510, 2009 WL 982750 (M.D. Pa., April 13, 2009) (service by email is permitted under Rule 430 when defendant uses online service that shields owner's identity).

language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* As such, this Court may allow Plaintiff to serve the defendants via electronic publication and/or e-mail.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, Case No. 05-CIV-21962, 2007 WL 1577771, at *1 (S.D. Fla. May 31, 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust* 10 Co., 339 U.S. 306, 314 (1950)); *see also TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012); *Rio Props., Inc.*, 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative service methods, including service by e-mail and publication on a designated website, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. *See, e.g., Rio Props., Inc.*, 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *In re Int'l Telemedia Assocs.*, 245 B.R. 713, 721 (N.D. Ga. 2000) ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); *National Association for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first