century and the information age, the Court determined that the most appropriate place for publication was [Plaintiff's Website].").

Here, service on Defendants by e-mail and/or by publication on Plaintiffs' Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiffs' claims. Based upon Plaintiffs' investigation, each Defendant has at least one form of electronic means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action. (*Ference Dec.*, ¶¶ 7 - 8.) Moreover, service by publication on Plaintiffs' Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser. (*Id.*)

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when the plaintiff has proven that e-mail is the most effective means of providing the defendant notice of the action. *See Rio Props., Inc.*, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond— but in this case, it was the method of service most likely to reach [the defendant]."). *See also Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts") (citation omitted). The *Rio*

*Properties, Inc.* and *Popular Enters., LLC* courts each determined e-mail service to be appropriate in part because, as in this case, the defendants conducted their businesses online, used e-mail regularly in their businesses, and encouraged parties to contact them via e-mail. *See Id.*

In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Rio Properties, Inc.*, 284 F.3d at 1018; *see also Chanel, Inc. v. Zhixian*, Case No. 09-cv-02835, 2010 WL 1740695, at *3 (W.D. Tenn. March 17, 2010) (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); *TracFone Wireless, Inc.*, 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise the defendants of the action and give it an opportunity to respond); *Popular Enters., LLC*, 225 F.R.D. at 563 12 (same); *In re Int'l Telemedia Associates*, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party" (concluding e-mail and facsimile service to be appropriate)); *Chanel, Inc. v. Zhibing*, 2010 WL 1009981, at *4 (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-mail granted).[7]

---

[7] Courts in the Southern District of New York are also very experienced in handling cases against merchants on Internet marketplaces and have consistently permitted alternate electronic service. *See, e.g. Intenze Products, Inc. v. 1586, et al.,* No. 18-cv-4611-RWS (S.D.N.Y. May 24, 2018)*; Allstar Marketing Group, LLC v. 158, et al.,* No. 18-cv-4101-GHW, Dkt. 22 (S.D.N.Y. May 17, 2018)*; William Mark Corporation v. 1&cc, et al.,* No.

This Court has also authorized electronic service of process on merchants on Internet marketplaces in cases that are factually similar to the present case. *See, e.g., Rapid Slicer v. Buyspry*, No. 19-cv-249 (Order Authorizing Alternative Service entered on March 11, 2019) (Horan, J.); *Airigan Solutions, LLC v. Babymove*, No. 19-cv-166 (Order Authorizing Alternative Service entered on February 14, 2019) (Fischer, J.); and *Airigan Solutions, LLC v. Artifacts_Selling,* No. 18-cv-1462 (Order Authorizing Alternative Service entered on November 2, 2018) (Fischer, J.). Plaintiffs submit that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given

---

18-cv-3889-RA, Dkt. 18 (S.D.N.Y. May 2, 2018); *WOW Virtual Reality, Inc. v. Bienbest, et al.,* No. 18-cv-3305-VEC, Dkt. 9 (S.D.N.Y. April 16, 2018); *Ideavillage Products Corp. v. abc789456, et al.*, No. 18- cv-2962-NRB, Dkt. 11 (S.D.N.Y. April 11, 2018); *Ideavillage Products Corp. v. Aarhus, et al.,* No. 18-cv-2739-JGK, Dkt. 22 (S.D.N.Y. March 28, 2018); *Moose Toys Pty Ltd. et al., v. 963, et al.*, No. 18-cv-2187-VEC, Dkt. 16 (S.D.N.Y. April 2, 2018); *Off-White, LLC v. A445995685, et al.,* No. 18-cv-2009-LGS, Dkt. 5 (S.D.N.Y. March 27, 2018); *Spin Master Ltd. and Spin Master, Inc. v. 158, et al.,* No. 18-cv-1774-PAE, Dkt. 18 (Feb. 27, 2018); *JLM Couture, Inc. v. Aimibridal, et al.,* No. 18-cv-1565-JMF, Dkt. 18 (S.D.N.Y. Feb. 21, 2018); *Spin Master Ltd. and Spin Master, Inc. v. Alisy, et al.,* No. 18-cv-543-PGG, Dkt. 16 (S.D.N.Y. Jan. 22, 2018); *WowWee Group Limited, et al. v. Meirly, et al.,* No. 18-cv-706-AJN, Dkt. 11 (S.D.N.Y. Jan. 26, 2018); *Ideavillage Products Corp. v. Dongguan Shipai Loofah Sponge Commodity Factory, et al.,* No. 18-cv-901-PGG, Dkt. 20 (S.D.N.Y. Feb. 1, 2018); *WowWee Group Limited, et al. v. A249345157, et al,* No. 17-cv-9358-VEC, Dkt. 18 (S.D.N.Y. Dec. 11, 2017); *HICKIES, Inc. v. Shop1668638 Store, et al.,* No. 17-cv-9101-ER, Dkt. 14 (S.D.N.Y. Dec. 6, 2017); *Ideavillage Products Corp. v. Dongguan Opete Yoga Wear Manufacturer Co., Ltd., et al.,* No. 17-cv-9099-JMF, Dkt. 19 (S.D.N.Y. Nov. 27, 2017); *Ideavillage Products Corp. v. Shenzhen City Poly Hui Foreign Trade Co., Ltd., et al.,* No. 17-cv-8704-JGK. .(S.D.N.Y. May 24, 2017); *Moose Toys Pty LTD et al. v. Guangzhou Junwei Trading Company d/b/a Backgroundshop et al.,* No. 17-cv-2561-LAK, Dkt. 12 (S.D.N.Y. May 11, 2017); *Rovio Entertainment Ltd. and Rovio Animation OY v. Angel Baby Factory d/b/a Angelbabyfactory et al.,* No. 17- cv-1840-KPF, Dkt. 11 (S.D.N.Y. March 27, 2017); *Ontel Products Corporation v. Airbrushpainting Makeup Store a/k/a Airbrushespainting et al.,* No. 17-cv-871-KBF, Dkt. 20 (S.D.N.Y. Feb. 6, 2017); *Ideavillage Products Corp. v. Bling Boutique Store, et al.*, No. 16-cv-09039-KMW, Dkt. 9 (S.D.N.Y. Nov. 21, 2016); *Gucci America, Inc., et al v. Alibaba Group Holding LTD, et al,* No. 1:15-cv-03784-PKC (S.D.N.Y. June 23, 2015) (unpublished); *Chanel, Inc. v. Conklin Fashions, Inc.*, No. 3:15-cv-893-MAD/DEP, 2015 U.S. Dist. LEXIS 109886, at *10-13 (N.D.N.Y. Aug. 14, 2015); *Belstaff Grp. SA v. Doe, No. 15-cv-2242-PKC/MHD,* 2015 U.S. Dist. LEXIS 178124, at *2 (S.D.N.Y. June 18, 2015); *AW Licensing, LLC v. Bao*, No. 15-cv-1373, 2015 U.S. Dist. LEXIS 177101, at *2-3 (S.D.N.Y. Apr. 1, 2015); *Klipsch Grp., Inc. v. Big Box Store Ltd.,* No. 1:12-cv-06283-VSB, 2012 U.S. Dist. LEXIS 153137, at *3-4 (S.D.N.Y. Oct. 24, 2012); *True Religion Apparel, Inc. et al. v. Xiaokang Lee et al.*, No. 1:11-cv-08242-HB (S.D.N.Y. Nov. 15, 2011) (unpublished); *N. Face Apparel Corp. v. Fujian Sharing Imp. & Exp. Ltd. Co.*, No. 1:10- cv-1630-AKH, 2011 U.S. Dist. LEXIS 158807 (S.D.N.Y. June 24, 2011).

Defendants' decision to conduct their illegal businesses using the Internet and utilizing e-mail as a primary means of communication.

Additionally, service of a defendant by publication on a designated website,[8] such as Plaintiffs' Website, has been deemed appropriate service "so long as the proposed publication is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *National Association for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 315-16 (1950)). In *National Association for Stock Car Auto Racing, Inc. v. Does,* the United States District Court for the Western District of North Carolina determined that the plaintiff could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing by publishing on the plaintiff's website. *Id.*

Accordingly, Plaintiffs have created a publication website on www.ferencelaw.com whereon copies of the Complaint, Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, this instant Motion, discovery, and other documents filed in this action will be posted. (*Ference Dec.*,¶ ¶ 7 - 8). The address for Plaintiffs' Website will be included as part of service of process in this matter. (*Id.*) Posting the Summonses, Complaint, and Plaintiffs' *Ex Parte* Application for Temporary Restraining Order on Plaintiffs' Website will provide notice sufficient to meet the due process requirements for service of process and notice pursuant to

---

[8] The Ference firm is prepared to provide notice via website publication if permitted by the Court. Through the email addresses received from the Third Party Service Providers and Financial Institutions, Ference would provide the named Defendants with a link to a web page accessible at www.ferencelaw.com that includes all of the relevant filings for the lawsuit. *See Ference Dec.*, ¶¶ 5 - 6.

Federal Rule of Civil Procedure 4, apprise Defendants of the pendency of this action, and afford Defendants and any other interest parties an opportunity to present their answers and objection.

### B. E-mail and Publication Service Are Not Prohibited by International Agreement.

Service via e-mail and website publication is not prohibited by international agreement. Based upon the information contained on Defendants' actual e-commerce marketplace stores, such as shipping information, and the data provided thereunder, Plaintiff has good cause to suspect some Defendants may be residing in the People's Republic of China ("China"), Canada, or other foreign jurisdictions, and/or redistribute products from sources in those locations. (*Ference Dec.* ¶ 7.) China, Canada, Vietnam, and the United States are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). (*See Ference Dec.* ¶ 10 and Comp. Ex. 1 thereto, Hague Service Convention and list of signatory Members.) However, the Hague Service Convention does not preclude the Court from authorizing service of process via e-mail or website publication.

Alternative means of service, such as e-mail and website publication, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. *See Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the forms of service expressly objected to). Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. *See* Hague Convention, Art. 10, 20 U.S.T. 361 (1969). China has objected to the alternative means of service outlined in Article 10

of the Convention. (*Ference Dec.*, ¶ 10.) However, that objection is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website publication. (*See id.* and Comp. Ex. 1 thereto, which includes a true and correct printout of China's Declaration/Reservation/Notification in regards to the Hague Convention.) Because the declaration to the Hague Convention filed by China does not object to e-mail and website publication service, "a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *see also WhosHere, Inc. v. Orun*, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10."). Moreover, an objection to the alternative means of service provided in Article 10 does not represent a per se objection to other forms of service, such e-mail or website publication. *See In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service). Consequently, China's objections to the means of alternative service provided in Article 10 are no bar to court-directed service and do not prevent this Court from authorizing alternative service of process via e-mail or website publication. *See, e.g., Gurung*, 279 F.R.D. at 220 (approving service of process on foreign defendants via e-mail despite India's objection to Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); *Stat Med. Devices, Inc.*, 2015 U.S. Dist. LEXIS 122000, at *8-9 (permitting service of process on foreign defendants via e-mail and substituted service on domestic counsel despite Poland's objection to Article 10, noting "This Court and many other federal courts have permitted service by

electronic mail and determined that an objection to Article 10 of the Hague Convention . . . does not equate to an express objection to service via electronic mail."); *FTC v. PCCare247 Inc.*, Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at *10 (S.D.N.Y. March 7, 2013) (authorizing service of process via e-mail and Facebook, explaining that "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); *WhosHere, Inc.,* 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign defendants via e-mail despite Turkey's objection to Article 10); *Richmond 17 Techs., Inc. v. Aumtech Bus. Solutions*, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

### IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court grant the present motion and authorize service of the Summonses, the Complaint, discovery, and future filings in this matter upon each Defendant in this action:

(1) via e-mail by providing the address to Plaintiffs' Website to Defendants via (i) the e-mail accounts provided by Defendants as part of the data related to their respective e-commerce stores, or (ii) via the e-commerce marketplace for each of the e-commerce stores; or

(2) via website publication by posting a copy of the Summonses, Complaint, Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, discovery, and all filings in this matter on Plaintiffs' Website appearing on www.ferencelaw.com.

- 17 -

A Proposed Order granting this motion is submitted herewith.

                Respectfully submitted,

Dated: September 15, 2020     /s/ Stanley D. Ference III
                Stanley D. Ference III
                Pa. ID No. 59899
                 courts@ferencelaw.com

                Brian Samuel Malkin
                Pa. ID No. 70448
                bmalkin@ferencelaw.com

                FERENCE & ASSOCIATES LLC
                409 Broad Street
                Pittsburgh, Pennsylvania 15143
                (412) 741-8400 – Telephone
                (412) 741-9292 – Facsimile

                Attorneys for Plaintiffs