IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORGE DESIGN GROUP LLC, *et al*,<br><br>*Plaintiffs*,<br><br>v.<br><br>SYARME, *et al*,<br><br>*Defendants*. | Civil Action No. 2:20-cv-1384<br><br>Hon. William S. Stickman IV |

**MEMORANDUM ORDER**

WILLIAM S. STICKMAN IV, District Judge

On September 15, 2020, Plaintiffs filed a Complaint (ECF No. 2) and Motion for Temporary Restraining Order ("TRO") (ECF No. 5) against several defendants, including Defendant Neomagic Corporation, d/b/a www.mercadomagico.com ("Neomagic"). The Complaint and the motion asserted that Plaintiffs were owners of the intellectual property in a product called the "Ultimate Ground Anchor," which is, essentially, an anchor peg with a screw-shaped ground spike. The Complaint and the motion alleged that Defendants were online storefronts which advertised and sold counterfeit products that, *inter alia*, violated Plaintiffs' intellectual property and engaged in other actionable conduct. The Complaint asserted claims of Federal Unfair Competition (15 U.S.C. § 1125(a)), Patent Infringement (35 U.S.C. § 271(a)), Common Law Unfair Competition, and Common Law Trademark Infringement. The Motion for TRO asserted that Defendants' conduct constituted ongoing, immediate and irreparable harm. The Court granted the requested TRO and issued an order to show cause why a preliminary injunction should not issue on September 21, 2020. (ECF No. 18).

1

Neomagic entered its appearance and filed a Motion to Dismiss, an Omnibus Motion to Dissolve TRO and supporting briefs. (ECF Nos. 23, 24, 27, 28). The Court held a hearing on the show cause order on October 5, 2020. (ECF No. 29). Counsel for Neomagic and Plaintiff informed the Court that they had reached an agreement in principle whereby Neomagic would be dismissed from the case, while retaining the right to file a motion seeking reimbursement of attorney fees. Plaintiffs filed a Notice of Voluntary Dismissal of Neomagic on October 6, 2020. (ECF No. 31). On October 20, 2020, Neomagic filed the instant Motion for Attorney Fees. (ECF No. 42). Briefing is now complete, and the motion is ripe for adjudication by the Court.

Neomagic argues that fees are warranted based on a multitude of authorities including state and federal statutes, the Pennsylvania Rules of Professional Conduct and the common law—Federal Rule of Civil Procedure 54, 35 U.S.C. § 285, 15 U.S.C. § 1117, 17 U.S.C. § 505, Federal Rule of Civil Procedure Rule 11, the Court's inherent power, 28 U.S.C. § 1927, 42 Pa.C.S.A. § 2503, and Pennsylvania Rule of Professional Conduct 3.3. Neomagic has taken the "kitchen sink" approach, but all of the authorities it cites in support of a fee award miss the mark.

Awards of attorney fees are the exception, rather than the rule, in our legal system. As the Supreme Court has explained:

> Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise. The American Rule has roots in our common law reaching back to at least the 18th Century, and statutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar legal principles. We consequently will not deviate from the American Rule absent explicit statutory authority.

*Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (internal citations and quotations omitted). Further, the Supreme Court noted that "[w]e have recognized departures from the American Rule only in 'specific and explicit provisions for the allowance of attorneys' fees

2

under selected statutes.'" *Id.* (citation omitted). Neomagic has not made a compelling argument that the long-established and deeply entrenched American Rule should be abandoned. While it cites to numerous bases for the Court to award fees, none are applicable, much less convincing.

Neomagic argues that it should be awarded attorney fees because Plaintiffs' action against it (and others) "was brought unreasonably, vexatiously, in bad faith and without evidentiary support." (ECF No. 43, p. 4). Plaintiffs respond by showing that Neomagic has advertised and sold a product that is nearly, if not completely, identical in form and that it did so by using photos of their product (some of which were taken by Plaintiff Erdely). This is not, however, the forum to adjudicate claims against Neomagic on their merits. Those claims have been dismissed. Plaintiffs' claims, their allegations and the material they offered in opposition to the Motion for Attorney Fees are relevant only to determine whether Neomagic has made a facial showing that would allow an award of fees (if otherwise applicable) under the authorities that it cites to get around the American Rule. With this in mind, the Court will address each alleged basis proffered by Neomagic in support of a fee award.

### A) Fed. R. Civ. P. 54

Contrary to Neomagic's assertion, there is no basis for an award of fees under Fed. R. Civ. P. 54(d). As an initial matter, Rule 54 addresses the award of costs and, in limited circumstances, attorney fees to a prevailing party. In the context of this matter, Neomagic cannot be considered a prevailing party. "Unilateral, voluntary, and non-final action does not meet the prevailing party' standard. *Buckhannon Bd. And Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598 (2001) (under Fair Housing Amendments Act and Americans with Disabilities Act); *RFR Industries, Inc. v. Century Steps, Inc.,* 477 F.3d 1348 (Fed.Cir.2007) (under Patent Act); *Oscar v. Alaska Dept. of Ed. And Early Development,* 541

F.3d 978 (9th Cir. 2008) (under Individuals with Disabilities in Education Act); *Evans v. Chichester School Dist.*, 2008 WL 4610240 (E.D.Pa. Oct.15, 2008) (under 42 U.S.C. § 1988 and Rehabilitation Act)." *Hammill v. Bank of Am., N.A.*, 2013 WL 4648317, at *3 (W.D. Pa. Aug. 29, 2013), *aff'd*, 569 F. App'x 133 (3d Cir. 2014). *See also Rousseau v. Echosphere Corp.*, 2005 WL 2176839, at *5 (W.D.Pa. Aug. 30, 2005) (collecting cases and rejecting request for fee award under Rule 54 after voluntary dismissal). Thus, the voluntary dismissal of Neomagic does not render it a prevailing party and Rule 54 is facially inapplicable.

    B)    **35 U.S.C. § 285; 15 U.S.C. § 1117; 17 U.S.C. § 505**

Neomagic also seeks a fee award under a number of federal statutes specifically governing intellectual property—35 U.S.C. § 285 (Patents); 15 U.S.C. § 1117 (Trademarks); and 17 U.S.C. §505 (Copyright). The statutes provide:

> The court in exceptional cases may award reasonable attorney fees to the prevailing party.

35 U.S.C. § 285.

> The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a) (in relevant part).

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Curiously, the Complaint does not assert any claims relating to copyrights. For that reason alone, 17 U.S.C. § 505, part of the statutory regimen governing copyrights, is facially inapplicable and cannot serve as a foundation for a fee award.

The two remaining statutes require as a threshold consideration that fees may only be awarded to a "prevailing party" and only in "exceptional cases." As explained above, Neomagic cannot meet the first prong. It is not a prevailing party and, therefore, cannot seek a fee award under 35 U.S.C. § 285 or 15 U.S.C. §1117.

Nor can Neomagic establish that this is an "exceptional case," as required by both statutes. The determination of whether a case is sufficiently "exceptional" as to warrant a fee award is left to the sound discretion of the district court. *See ADM Corp. v. Speedmaster Packaging Corp.* 525 F.2d 662, 664 (3d Cir. 1975). "An exceptional case is one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Spineology, Inc. v. Wright Medical Tech. Inc.*, 910 F.3d 1227, 1229 (Fed. Cir. 2018) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). "District courts may determine whether a case is exceptional in a case-by-case exercise of their discretion, considering the totality of the circumstances." *Spineology*, 910 F.3d at 1229.

The Court holds that there is nothing exceptional about this case. In fact, this case has followed the same trajectory of many other cases in this District and in districts throughout the country in instances where a plaintiff discovers that its intellectual property has likely been pirated and identical or substantially similar knock-off products are being offered for sale from on-line platforms. To hold that this case is exceptional would topsy-turvy that term—elevating what is ordinary to extraordinary. It would erect an unwarranted barrier to plausible claims by legitimately injured Plaintiffs.

On a more granular level, there is nothing exceptional about this case, as asserted against Neomagic. First, the case is still in its infancy. Plaintiffs filed a Complaint that complies with

the requirements of the federal rules and appears to assert a facially plausible claim against Neomagic.  Neomagic can argue (or could have argued if it was not voluntarily dismissed) that the product it was selling and the advertising for that product did not violate the patent at issue and did not infringe upon Plaintiffs' trademark, but the fact remains that Neomagic sold a product that appears to be identical to the Plaintiffs' and used photographs depicting the product that were plausibly claimed to have been identical to those used by Plaintiffs (and actually taken by one of the Plaintiffs).  Whether, if the case would have proceeded to a determination on the merits, Plaintiffs would have ultimately prevailed against Neomagic is immaterial.  Neither they nor any plaintiff is required to prove their case in their Complaint.  The question here is whether—in the context of the litigation against Neomagic from inception to conclusion—there was something that rendered it exceptional.  There was not.  No fee is warranted under either 35 U.S.C. § 285 or 15 U.S.C. § 1117.

  **C.** **28 U.S.C. § 1927**

 Neomagic next argues that fees are warranted under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Again, Neomagic is attempting to fit a square peg into a round hole.  This statute is inapplicable.

 § 1927 requires that the offending attorney be found to "multipl[y] the proceedings in any case unreasonably and vexatiously."  Courts have held that the purpose of § 1927 is to deter unnecessary delays and abusive conduct in the course of ongoing litigation.  The Supreme Court observed: "[b]ut § 1927 does not distinguish between winners and losers, or between plaintiffs and defendants.  The statute is indifferent to the equities of a dispute and to the values advanced

6

by the substantive law. It is concerned only with limiting the abuse of court processes." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 762 (1980). The body of caselaw interpreting § 1927 reveals that courts give full effect to the statutory language addressing the multiplication of proceedings "*in any case.*" In other words, § 1927 focuses on unreasonable vexatious conduct in the course of a case that is dilatory or incurs unreasonable expense or inconvenience. The statute does not apply to the initiation of a case. *See Gurman v. Metro Housing and Redevelopment Auth.*, 884 F.Supp.2d 895 (D. Minn. 2012) ("the Court notes that an attorney cannot be sanctioned under § 1927 for simply commencing a frivolous lawsuit. *See, e.g., Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008) ("[W]e join an unbroken band of cases across the courts of appeals holding that a lawyer cannot violate section 1927 in the course of commencing an action."); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir.1996) ("The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927.").

§ 1927 is inapplicable to the case at bar. Plaintiffs did not engage in the type of misconduct addressed by the statute. They did nothing to vexatiously delay or prolong the litigation. They filed a Complaint and Motion for a TRO and, shortly thereafter, agreed to voluntarily dismiss the claims against Neomagic. The Court holds that there is no basis for fees under 28 U.S.C. § 1927.

### D. 42 Pa.C.S.A. § 2503

In addition to the federal statutes discussed above, Neomagic claims it is entitled to a fee award under Section 2503 of the Pennsylvania Judicial Code, 42 Pa.C.S.A. § 2503, which provides:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

7

> (1) The holder of bonds of a private corporation who successfully recovers due and unpaid interest, the liability for the payment of which was denied by the corporation.
> (2) A garnishee who enters an appearance in a matter which is discontinued prior to answer filed.
> (3) A garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.
> (4) A possessor of property claimed by two or more other persons, if the possessor interpleads the rival claimants, disclaims all interest in the property and disposes of the property as the court may direct.
> (5) The prevailing party in an interpleader proceeding in connection with execution upon a judgment.
> (6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
> (8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.
> (10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted.

42 Pa.C.S.A. § 2503. This statute may apply in federal court in diversity cases where state law applies. *See Transit Cas. Ins. Co. v. Nationwide Mutual Ins. Co.*, 537 F.Supp. 65, 71 (E.D.Pa. 1982). Although this case arises before the Court on federal question jurisdiction, Plaintiffs have asserted two supplemental common law claims. While the Court has not decided which state's law will apply to those claims, it will assume, without deciding, that Pennsylvania law should apply. That being said, § 2503 does not support a fee award.

§ 2503 will only permit an award of fees where a litigant "can establish that an action was brought arbitrarily, vexatiously, or in bad faith." *P. Liedtka Trucking, Inc. v. James H.*

*Hartman and Sons, Inc.*, 537 F.Supp. 381, 382 (E.D.Pa. 1982). The Pennsylvania Supreme Court explained the contours of § 2503:

> An opponent's conduct has been deemed to be "arbitrary" within the meaning of the statute if such conduct is based on random or convenient selection or choice rather than on reason or nature. *Bucks County Board of Supervisors v. Gonzales,* 158 Pa. Commw. 664, 670–71, 632 A.2d 1353, 1356 (1993), *appeal denied,* 538 Pa. 618, 645 A.2d 1321 (1994). *Accord Black's Law Dictionary* 104 (6th ed., reprinted 1993). An opponent also can be deemed to have brought suit "vexatiously" if he filed the suit without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance. *Id.*; *Black's Law Dictionary, supra,* at 1565. Finally, an opponent can be charged with filing a lawsuit in "bad faith" if he filed the suit for purposes of fraud, dishonesty, or corruption. *Frick v. McClelland,* 384 Pa. 597, 600, 122 A.2d 43, 45 (1956) (*quoting McNair's Petition,* 324 Pa. 48, 187 A. 498 (1936) *Bucks County Board of Supervisors, supra,* 158 Pa. Commw. at 670–71, 632 A.2d at 1356; *Black's Law Dictionary, supra,* at 139.
>
> By imposing these strict definitional guidelines, the statute serves not to punish all those who initiate legal actions which are not ultimately successful or which may seek to develop novel theories in the law. Such a rule would have an unnecessarily chilling effect on the right to bring suit for real legal harms suffered. *Dooley v. Rubin,* 422 Pa.Super. 57, 64, 618 A.2d 1014, 1018 (1993) (citation omitted). Rather, the statute focuses attention on the conduct of the party from whom attorney's fees are sought and on the relative merits of that party's claims. *See, e.g., Bykowski v. Chesed, Co.,* 425 Pa.Super. 595, 600, 625 A.2d 1256, 1259 (1993) (counsel fees appropriate where counsel for alleged slip-and-fall victims received seven requests for dismissal from purported owners of property and responded to none of them, and counsel failed to respond to purported owners' motion for judgment on the pleadings); *J.H. France Refractories Co. v. Allstate Insurance Co.,* 534 Pa. 29, 44, 626 A.2d 502, 510 (1993) (no counsel fees awarded against insurers in contesting their obligations to defend and indemnify when excessive pluralism and disparity existed in the decisions of the many courts which have entertained similar litigation).

*Thunberg v. Strause*, 682 A.2d 295, 299–300 (1996). As explained above, the Court holds that Plaintiffs did not bring their case against Neomagic in an arbitrary, vexatious, fraudulent, bad faith or corrupt manner. The Court holds that the claims brought against Neomagic were not asserted for purposes of annoyance or harassment. Rather, the limited record shows that Plaintiffs had a legitimate purpose in bringing their case. Whether they ultimately could have

9

prevailed on their claims is not before the Court. What is before the Court is that Neomagic sold a substantially similar product as Plaintiffs and did so using some of the same photographs as Plaintiffs. Plaintiffs had a good faith basis to pursue their claims. Moreover, the manner in which Plaintiffs pursued their case is substantially similar to a multitude of cases in this District and throughout the federal system where intellectual property holders attempt to protect their assets from alleged counterfeits being sold online. No fees are warranted under the Pennsylvania statute.

E.   **Fed. R. Civ. P. 11**

Neomagic seeks sanctions under Fed. R. Civ. P. 11, but has not complied with the explicit procedures for pursuing such a sanction. Plaintiffs argue that Neomagic never provided them with the required 21 day safe-harbor notice, and Neomagic does not refute this point. The 21 day safe-harbor is required by Rule 11 and is non-negotiable. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d. Cir. 2008). Moreover, Rule 11(c)(2) expressly requires that a motion for sanctions under Rule 11 "must be filed separately from any other motion." Fed. R. Civ. P. 11(c)(2). Neomagic presented its purported Rule 11 motion for sanctions alongside a multitude of other grounds for relief. The Court holds that Neomagic has failed to present a cognizable request for sanctions under Rule 11.

F.   **Pennsylvania Rule of Professional Conduct 3.3**

Neomagic also seeks fees under Pennsylvania Rule of Professional Conduct 3.3. This argument is meritless and, indeed, borders on frivolous. The very rules cited by Neomagic unequivocally provide:

> [19] Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending

litigation. *The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability.* Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. *Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra disciplinary consequences of violating such a duty.*

Pa St. RPC Preamble and Scope [19] (emphasis added). Neomagic's argument under Rule 3.3 is without merit and warrants no further discussion by the Court.

### G. The Court's inherent power.

In the event that none of the many alleged grounds for a fee award should apply, Neomagic asks the Court to use its inherent authority to award fees. In *Chambers v. Nasco*, 501 U.S. 32, 45-46 (1991), the Supreme Court stated that a court has the inherent authority to impose sanctions when an attorney has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." The Supreme Court explained that "the imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.* at 46. The Third Circuit has recognized that the use of the Court's inherent power should be rare and subordinate to sanctions set forth by statute or rule. *In re Prudential Ins. Co. Sales Practice Litigation Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) ("generally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanction exist." (citation omitted)).

11

Here, as previously explained, none of the statutory, rule-based or other authorities cited by Neomagic provide a basis for a fee award. The Court will not exercise its extraordinary inherent powers. It does not find that Plaintiffs engaged in bad faith, vexatious or wanton conduct.[1]

AND NOW, this **3rd** day of December 2020, IT IS HEREBY ORDERED that Neomagic's Motion for Attorney Fees (ECF No. 42) is DENIED.

BY THE COURT:

_/s/ William S. Stickman IV_
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] Perhaps Neomagic, itself, has approached or crossed that line in its zeal to obtain fees. It has, for example, cited to a statute governing copyrights where no claim under copyright statutes was asserted in the Complaint. It sought fees under Rule 11, despite failing to comply with the minimal procedures required to do so. It pointed to a Rule of Professional Conduct as a basis for fees, despite established authority (and the plain language of the Rules themselves) precluding the Rules to be used in that manner.